IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **COMERICA INCORPORATED,**<br><br>                    **Plaintiff,**<br><br>      v.<br><br>**ZURICH AMERICAN INSURANCE COMPANY and HOUSTON CASUALTY COMPANY,**<br><br>                    **Defendants.** | **Civil Action No. 5:06-cv-10353**<br><br>**Honorable John Corbett O'Meara** |

**STIPULATED PROTECTIVE ORDER**

Pursuant to and in accordance with Rule 26(c) of the Federal Rules of Civil Procedure, and in order to expedite the production of information and documents in this action, the following Protective Order shall govern the exchange of Confidential Information:

1. <u>Parties Defined</u>.

    (A) "Requesting Party" means the party to this litigation that makes a request for documents, deposition testimony or other information, including "Confidential Information" and "Attorneys Eyes Only" documents.

    (B) "Producing Party" means the party to this litigation or any third party that, pursuant to a request and/or subpoena from a Requesting Party, provides documents, testimony or other information.

2. <u>"Confidential Information" Designation</u>. "Confidential Information" means all materials designated as "Confidential" by the Producing Party or another party, whether a document, information contained in a document, information revealed during a deposition, or

information revealed in an interrogatory answer. "Confidential Information," as used in this Protective Order, includes non-public or sensitive commercial, financial, business or personal information (a) that the Producing Party, to the best of its knowledge, has not intentionally released to the public; (b) cannot be readily obtained from public sources; and (c) disclosure of which poses a reasonable risk of competitive or other business harm, including harm to personal privacy interests, such as to avoid embarrassment, annoyance, oppression or similar concerns, to the Producing Party or its employees, investors, affiliates or customers. "Confidential Information" also includes information supplied to the Producing Party by a third party pursuant to the terms of a confidentiality agreement.

3.     <u>Viewing of Confidential Information</u>.  Other than a Producing Party, who shall have continued use and access to their own Confidential Information, only "Qualified Persons" are authorized to view Confidential Information in this case. "Qualified Persons" are defined as:

  (A) The Court and its staff;

  (B) Attorneys of record in this litigation and secretaries, paralegals, law clerks and support staff employees to whom, in the opinion of the attorneys of record for the Requesting Party, it is necessary that the information be disclosed for purposes of this proceeding;

  (C) Any person retained by a Requesting Party or its attorneys of record in this proceeding solely as an independent expert for the purposes of this proceeding and who agrees in writing to be bound by the terms of this Protective Order. The independent expert shall be advised that the material or information is being disclosed pursuant to and subject to the terms of this Protective Order and may not be disclosed other than pursuant to the terms of the Protective Order, and shall be required to confirm his or her understanding and agreement to abide by the

terms of this Protective Order by completing and signing a Confidentiality Statement in the form of Exhibit A, attached hereto, which copy shall be maintained by counsel for the Requesting Party;

   (D) Officers and/or employees of each Requesting Party designated specifically by each party, who agree, in writing, to be bound by the terms of this Protective Order. The officers and/or employees shall be advised that the material or information is being disclosed pursuant to and subject to the terms of this Protective Order and may not be disclosed other than pursuant to the terms of the Protective Order, and shall be required to confirm his or her understanding and agreement to abide by the terms of this Protective Order by completing and signing a Confidentiality Statement in the form of Exhibit A, attached hereto, which copy shall be maintained by counsel for the Requesting Party;

   (E) Any other person who is designated as a Qualified Person by order of the Court, after notice to all parties, or who, by written agreement of the parties, is designated as a Qualified Person. Any person designated under this subparagraph shall be advised that the material or information is being disclosed pursuant to and subject to the terms of this Protective Order and may not be disclosed other than pursuant to the terms of the Protective Order, and shall be required to confirm his or her understanding and agreement to abide by the terms of this Protective Order by completing and signing a Confidentiality Statement in the form of Exhibit A, attached hereto, which copy shall be maintained by counsel for the Requesting Party. A copy of that Confidentiality Statement must be given to the Producing Party before access is allowed to the Confidential Information;

   (F) Court reporters and/or stenographers at depositions; and

(G) Witnesses who are indicated on the Confidential Information as being its originator, author or recipient. The witness shall be advised that the material or information is being disclosed pursuant to and subject to the terms of this Protective Order and may not be disclosed other than pursuant to the terms of the Protective Order, and shall be required to confirm his or her understanding and agreement to abide by the terms of this Protective Order by completing and signing a Confidentiality Statement in the form of Exhibit A, attached hereto, which copy shall be maintained by counsel for the party producing the witness.

Confidential Information documents shall not be (1) made available, directly or indirectly or through paraphrasing, by the Requesting Party to any persons or entities other than Qualified Persons, or (2) used by the Requesting Party for any purpose other than in connection with this litigation.

4. "Attorneys Eyes Only" Confidential Designation. By placing the phrase "Attorneys Eyes Only" on a confidential document, a Producing Party designates that the Confidential Information is to be viewed only by the Court and/or by attorneys of record in this proceeding, who may not disclose the content of the confidential document to their client except with the written consent of the Producing Party or order of the Court. A document designated as "Attorneys Eyes Only" shall be viewed only by attorneys of record in this litigation and their independent experts for the purposes of this proceeding only and by no other person, including parties and/or their representatives.

5. Designation of Documents. All documents produced in this matter shall be accorded the protections of this Protective Order if affirmatively designated by any party or non-party as "Confidential" or "Attorneys Eyes Only" ("Designating Party"). A Requesting Party may challenge a designation of a document pursuant to paragraph 7 below.

6.     Deposition Testimony.  The deposition testimony of a Producing Party or one of its present or former officers, directors, employees, agents, or consultants, experts retained by a party for purposes of this litigation shall be treated as Confidential Information or Attorneys Eyes Only if counsel for the witness or a party advises the court reporter on the record during the deposition or in writing at any time within thirty (30) days after actual receipt of the transcript by counsel that either a specified portion of the deposition or the entire deposition is to be designated as Confidential Information or Attorneys Eyes Only.  The reporter shall also be advised to limit distribution of the transcripts to the parties and the deponent (or his or her attorney).  A Requesting Party may challenge the designation of deposition testimony pursuant to paragraph 7 below.

Notwithstanding any other provision of this Protective Order, a party may, in a deposition, show any witness any document or thing designated as "Confidential" or "Attorneys Eyes Only" by the other party which that witness (i) has previously seen or (ii) is entitled to see (e.g., the witness's own deposition testimony) in a manner that did not or does not violate the terms of this Protective Order.  Furthermore, notwithstanding any other provision in this Protective Order, a party may, in a deposition, show any present or former director, officer, employee, consultant, expert or agent of the other party any document or thing produced by the other party which, (i) has been designated as "Confidential" or "Attorneys Eyes Only," or (ii) was designated as "Confidential" or "Attorneys Eyes Only" by such other party.

7.     Resolution of Challenges to Designations.  No party to this action is obliged to challenge the protected status of any document or testimony at the time of receipt, disclosure, or designation thereof, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event that a Requesting Party seeks to challenge the appropriateness of protected treatment of

any document or testimony, such party shall consult in good faith with the Designating Party in an effort to resolve the matter on an informal basis.  In the event no agreement is reached, the challenging party may seek an order permitting disclosure of the disputed material.  The Requesting Party shall give no less than five (5) business days written notice to the Designating Party before filing a challenge to such an order, identifying (with as much specificity as is practicable) the document or testimony that counsel contends is not entitled to protection.  Any document or testimony as to which such a motion is made shall continue to be treated as Confidential Information or Attorneys Eyes Only until the Court renders a decision or the motion is otherwise resolved.  In the event of a challenge to an Attorneys Eyes Only designation, the burden shall be on the Producing Party to establish the necessity for the designation and the Producing Party shall reasonably cooperate to obtain an expedited resolution of the issue should the Requesting Party seek such prompt resolution.

      8.     <u>Disclosure Beyond Protective Order</u>.  Nothing shall prevent disclosure beyond the terms of this Protective Order if the Designating and/or Producing Party consents, in writing, to such disclosure, withdraws the "Confidential" or "Attorneys Eyes Only" designation, or if the Court, after notice to all parties, orders such disclosure.  This Protective Order shall not apply to information that (i) was, is, or becomes public knowledge (not by any way of a violation of this Protective Order), (ii) was or is acquired from a third party possessing such information and having no obligation of confidentiality to the Designating Party or Producing Party, or (iii) the Requesting Party establishes that the information was already in its rightful and lawful possession at the time of the disclosure.  Nor shall this Protective Order restrict the use or dissemination of a Producing Party's or Designating Party's own Confidential Information and/or Attorney Eyes Only documents.

9. <u>Additional Provisions Designed to Prevent or Cure Mistaken Disclosures</u>.

(A) Disclosure by the Producing Party or non-party of Confidential Information or Attorneys Eyes Only designated documents without proper designation at the time of disclosure shall not be deemed a waiver, in whole or in part, of any party's claim to confidentiality, either as to the specific information disclosed or as to any other information relating to the subject matter of the information disclosed. Upon learning of the disclosure of Confidential Information or Attorneys Eyes Only designated documents without proper designation, the party or non-party seeking protection of the information shall, within 10 days, properly designate or re-designate such information; provided, however, that no party shall be deemed to be in breach of this Order by reason of any use or disclosure of such information, inconsistent with such later designation (or re-designation), that occurred prior to notification of such later designation (or re-designation).

(B) If Confidential Information or Attorneys Eyes Only designated documents are disclosed to any person other than in a manner authorized by this Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the Designating Party (on notice to all other parties) of all pertinent facts relating to such disclosure and shall make every effort to retrieve the designated material and to prevent the occurrence of any further disclosure unauthorized by this Order.

(C) Inadvertent production of any information that a party or non-party later claims should not have been produced because of a privilege, including but not limited to attorney-client or work product privilege ("Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege. A party or non-party may request the return of any Inadvertently Produced Privileged Document by identifying the document inadvertently

7

produced and stating the basis for withholding such document from production.  If a party or non-party requests the return, pursuant to this paragraph, of any Inadvertently Produced Privilege Document then in the custody of another party or non-party, the possessing party shall within 3 business days destroy or return to the requesting party or non-party all copies of the Inadvertently Produced Privileged Document, including without limitation computer records on same, and shall expunge from any other document or material information solely derived from the Inadvertently Produced Privileged Document.  The party destroying or returning such material may then move the Court for an order compelling production of the material, but said party shall not assert as a ground for entering such an order the fact (or circumstances) of the inadvertent production, but may disclose sufficient information as to the general nature of the document or documents in question to permit the Court to make a determination as to the necessity of an *in camera* review.

(D)    If, at any time, any Confidential Information or Attorneys Eyes Only designated documents are in the possession, custody or control of any person other than the person who originally produced such information is subpoenaed or requested by any court, administrative agency, legislative body or other person or entity (the "Subpoenaed Information"), the party to whom the subpoena or request is directed (a) immediately shall provide written notice to the Producing Party and to the Designating Party, which notice shall include the date set for the production of the Subpoenaed Information, and (b) shall not produce the Subpoenaed Information prior to the date set forth in the notice or, in the event of a motion to quash or modify the subpoena or request, prior to the resolution of the motion to quash or modify.  In the event that compliance with the subpoena or request is not enjoined, by either stipulation or order, during the pendency of the motion to quash or modify, the subpoenaed party

may deliver the material to the court (or other Judicial Officer) adjudicating the dispute so as to avoid any citations for contempt.

      10.    <u>Filing Confidential Information and/or Attorney Eyes Only Documents</u>.  If "Confidential" or "Attorneys Eyes Only" designated documents are to be included in papers filed with or otherwise disclosed to the Court, the party that seeks to file with or otherwise disclose such documents to the Court shall comply with the following requirements:

      (A)    Papers and documents containing Confidential Information or Attorneys Eyes Only designated documents filed with the Court shall be labeled, by the submitting party, on the cover:

"CONFIDENTIAL MATERIAL<br>SUBJECT TO PROTECTIVE ORDER"

and shall be filed with the Court in a sealed envelope and kept under seal and not disclosed to any non-qualified person.  In the event the Clerk of the Court will not accept such a filing under seal, the party seeking to make such a filing shall notify all other parties in writing of the Clerk's refusal.  The party seeking to file the Confidential Information or Attorneys Eyes Only designated documents will not file such documents until after the Court hears a request for a Temporary Sealing Order relating to the proposed filing.

      (B)    In the event the submitting party seeks to openly file papers or documents containing Confidential Information or Attorneys Eyes Only designated documents or otherwise seeks to disclose such documents in open court, the submitting party shall, at least ten business days prior to the filing or use of the such documents, give notice to all parties, of the submitting party's intention to file or use the documents, including specific identification of the Confidential Information and/or Attorneys Eyes Only designated documents.  Any affected party may then file a motion to seal with the Court within ten business days.  In the event a motion to seal is

9

filed, the papers or documents filed with or otherwise disclosed to the Court by the submitting party, shall be labeled on the cover:

> "CONFIDENTIAL MATERIAL
> SUBJECT TO PROTECTIVE ORDER"

and shall be filed with the Court in a sealed envelope and kept under seal and not disclosed to any non-qualified person unless ordered by the Court.

11. <u>Return or Destruction of Confidential Information and Attorneys Eyes Only Designated Documents at Conclusion of Case</u>. Within sixty (60) days after the conclusion of this proceeding, originals and reproductions of any documents or things containing Confidential Information and Attorneys Eyes Only designated documents shall be returned to the Producing Party or destroyed, except as required by law, rule, and/or regulations, provided, however, that the office of each principal counsel may retain for its archive a single copy of any such materials. Principal counsel may also retain all exhibits, deposition transcripts, correspondence and papers filed with the Court and work product relating to such materials. There shall be no restrictions on the disclosure or use of exhibits used in open court, unless the exhibits were filed under seal and the Court has not lifted any such restriction on the same. Within the same 60 day period, the Requesting Party, or its counsel, shall certify in writing that all documents required to be returned or destroyed have been returned or destroyed. Confidential Information and/or Attorneys Eyes Only designated documents may be used by Counsel as necessary in a fee dispute or malpractice claim relating to this case, subject to the provisions of this Order.

12. <u>No Admission</u>. The description of any material in accordance with this Protective Order as constituting or containing Confidential Information or Attorneys Eyes Only designated documents is intended solely to facilitate the preparation and trial of this action, and treatment of

such material by counsel of record for named parties in conformity with such designation will not be construed in any way as an admission or agreement by any party that the designated material constitutes or contains any confidential or proprietary information.

13.     <u>Other Privileges</u>.  This Order shall be without prejudice to the right of any person to object to the production of any discovery material on the basis that such material is protected as a privileged communication or work product, or for any other reason provided for by the Federal Rules of Civil Procedure.

14.     <u>Further Protective Orders</u>.  This Protective Order shall be without prejudice to the right of any person to apply to the Court for such further protective orders as justice may require.

15.     <u>Third Parties</u>.  Third parties who are compelled to produce documents or other evidence may invoke the provisions of this Protective Order by notifying the parties in writing that they agree to be bound by the terms of this Protective Order.  All information produced by such third parties and designated as "Confidential" or "Attorneys Eyes Only" shall thereafter be treated as Confidential Information.

16.     <u>Rendering of Advice By Counsel</u>.  Nothing in this Protective Order shall bar or otherwise restrict any counsel for a party from rendering advice to his/her client with respect to this proceeding and, in the course thereof, relying upon his/her examination of materials designated "Confidential" or "Attorneys Eyes Only", provided that no disclosure of the substance of any such material shall be made except as (i) permitted herein to those officers and/or employees designated in paragraph 3(d), above, or (ii) if such statement is a general conclusory statement indicating the nature and strength of the proofs the Producing Party has offered.

17. <u>Not Evidence</u>.  This Protective Order has been entered to facilitate discovery and the production of relevant evidence in this action.  Neither the entry of this Protective Order, nor the stipulation to this Protective Order, nor the designation of any material as "Confidential" or "Attorneys Eyes Only" nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

18. <u>Non-Waiver as to Third Parties</u>.  Due to the unique relationship between insurer and insured that existed between the parties and the common interest that the parties have and had in resolving litigation brought against Comerica Incorporated ("Comerica") by third parties who are not present in this litigation, nothing herein shall be construed to waive any privilege, work product or common interest protections against disclosure to third parties that are applicable to the documents being produced pursuant to this order, and Comerica reserves and retains its right to assert such protections against any third party if any request or demand is made by a third party for documents produced pursuant to this order or in this litigation.  Zurich American Insurance ("Zurich") agrees not to take action that will compromise Comerica's right to assert any such protections and agrees to advise Comerica of any request or demand it receives from any third parties for documents produced by Comerica within seven calendar days of such request or demand having been made.

19. <u>Dissolution or Modification of Protective Order</u>.  This Protective Order shall remain in full force and effect throughout this action and after its conclusion and until modified, superseded or terminated by order of the Court or by agreement of the parties.  This Protective Order is without prejudice to any party's right to seek to modify any of the terms of this Protective Order.  Insofar as the provisions of this Protective Order restrict the communication and use of documents or objects, such Order shall continue to be binding after the conclusion of

this proceeding, except that a Requesting Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of this Protective Order.

Approved as to form and substance:

| **BODMAN LLP** | **MADDIN, HAUSER, WARTELL, ROTH & HELLER, P.C.** |
|---|---|
| *s/Robert G. Brower (by consent SMW 9/1/07)* | *s/Steven M. Wolock* |
| Robert G. Brower (P29340) | Steven M. Wolock (P38497) |
| 6th Floor at Ford Field | Harvey R. Heller (P27351) |
| 1901 St. Antonie Street | 28400 Northwester Hwy., 3rd Floor |
| Detroit, Michigan 48226 | Southfield, MI 48034 |
| Attorneys for Plaintiff | Attorneys for Defendant |
| Comerica Incorporated | Zurich American Insurance Company |
| rbrower@bodmanllp.com | smw@maddinhauser.com |

**NEAL, GERBER & EISENBERG, LLP**

*s/Angela R. Elbert (by consent SMW 8/31/06)*
Timothy W. Burns
Angela R. Elbert
Two North LaSalle Street
Chicago, Illinois 60602-3801
Co-Counsel for Plaintiff
Comerica Incorporated
aelbert@ngelaw.com

SO ORDERED.

Dated: September 5, 2006

S/JOHN CORBETT O'MEARA
U. S. DISTRICT JUDGE

13

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| **COMERICA INCORPORATED,**<br><br>                    **Plaintiff,**<br><br>           v.<br><br>**ZURICH AMERICAN INSURANCE COMPANY and HOUSTON CASUALTY COMPANY,**<br><br>                    **Defendants.** | **Civil Action No. 5:06-cv-1-353**<br><br>**Judge: O'Meara** |

## EXHIBIT A

I, _____, state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Protective Order in the matter entitled *Comerica Incorporated v. Zurich American Ins. Co., et al.*, pending in the United States District Court for the Southern Division of the Eastern District of Michigan, Case No. 06-10353.

5. I have carefully read and understand the provisions of the Protective Order. I will comply with all of the provisions, including holding in confidence and not disclosing to anyone not qualified under the Protective Order, any Confidential Information and Attorneys Eyes Only designated documents or any words, substances, summaries, abstract, or indices of Confidential Information disclosed to me.

6. I will return all Confidential Information and/or Attorneys Eyes Only designated documents or any words, substances, summaries, abstracts or indices thereof, and copies thereof, which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained after it is no longer reasonably necessary for me to maintain such documents or things for purposes of this case or within 30 days of receipt of written notice of the conclusion of the case.

7. I hereby consent to be subject to personal jurisdiction of the United States District Court for the Southern Division of the Eastern District Of Michigan with respect to any proceeding relative to the enforcement of the Protective Order.

_____
Signature

_____
Date

NGEDOCS: 1322114.2

7. I hereby consent to be subject to personal jurisdiction of the United States District Court for the Southern Division of the Eastern District Of Michigan with respect to any proceeding relative to the enforcement of the Protective Order.

_____
Signature

_____
Date

NGEDOCS: 1322114.2